United States District Court
Southern District of Texas
**ENTERED**
September 08, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| EDUARDO GUTIERREZ QUINTANILLA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-948 |
| | § | |
| WARDEN, PORT ISABEL SERVICE PROCESSING CENTER, *et al.*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Eduardo Gutierrez Quintanilla is currently detained by Immigration and Customs Enforcement at the Port Isabel Service Processing Center in Cameron County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).

Petitioner concedes that the Fifth Circuit's ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) forecloses his statutory arguments. But he contends that *Buenrostro* did not address whether the Fifth Amendment's Due Process Clause permits Respondents to detain an individual under Section 1225(b)(2)(A) without an opportunity to seek bond. The Court has previously considered and rejected similar arguments. *See, e.g., Makhmudov v. Lyons*, No. 1:26-CV-024, 2026 WL 879392, at *1 (S.D. Tex. Mar. 31, 2026) (citing *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25- CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26- CV00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); and *Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024)). Additionally, the Court finds the reasoning of other district courts in denying relief to be persuasive. *See, e.g., Castellano v. Strong*, No. 6:26-CV-125-H, ___ F.Supp.3d ___, 2026 WL 2225137, *6 (N.D. Tex. Aug. 3, 2026) ("The Due Process Clause does not require the United States to release aliens in ongoing removal proceedings after a certain period of time.").

Petitioner also alleges a claim under the Administrative Procedure Act. But that statute can support a cause of action only when "no other adequate remedy in a court" exists. 5 U.S.C. § 704; *see also Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (explaining "that habeas corpus, not the APA, is the proper vehicle" when a litigant can allege a claim in habeas); *Garibay-Robledo v. Noem*, 814 F.Supp.3d 747, 760 (N.D. Tex. 2026) (rejecting analogous APA claim). In the present case, Petitioner can and has asserted his case in habeas, precluding his reliance on the APA.

Petitioner also alleges a violation of his rights under the Fourth Amendment. But other courts have determined that, for purposes of a habeas action, "'an illegal arrest has no bearing on the legality of detention following that arrest.'" *Cruz v. Tate*, No. CV H-26-4819, 2026 WL 2160560 (S.D. Tex. July 27, 2026) (Lake, J.) (citing *Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (Eskridge, J.)); cf. *Carnesolta, I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984) ("The mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding[.]"); *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982) (concerning the independent intermediary doctrine).

Petitioner alleges a claim under the Equal Protection Clause. The Fifth Circuit has applied rational basis review to analogous equal protection challenges in the immigration context. *See, e.g.*, *Cali v. Cravener*, 214 F.3d 639, 2000 WL 554958, at *1 (5th Cir. 2000) (per curiam) (unpubl.) ("The court has determined that there is a rational basis for treating excludable aliens more deferentially than deportable aliens and that the difference in treatment of different classes of aliens does not constitute an equal protection violation."); *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 308 (5th Cir. 1999) ("Even assuming that aliens in deportation proceedings are 'similarly situated' to those in exclusion proceedings, there is a rational basis for the distinction."). While those decisions did not consider the statutes at issue in the present case, they confirm that rational basis review applies, and that the United States can possess rational grounds to treat

certain aliens different from others. In *Buenrostro*, the Fifth Circuit recognized that Respondents' application of Section 1225(b)(2)(A) "better honors predominant goals in the enactment of the [governing statute]." *Buenrostro*, 166 F.4th at 508.

Petitioner also alleges a claim under the Suspension Clause. The Suspension Clause protects only access to the writ of habeas corpus, an access that Petitioner has been afforded. Other federal district courts considering similar claims have concluded that no Suspension Clause violation occurs where a court exercises jurisdiction over an individual's habeas petition. *See, e.g.*, *Ahmed v. S. La. Processing Ctr., et al.*, No. CV 26-0658, 2026 WL 1473759, at *3–4 (W.D. La. May 26, 2026); *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067-H, 2026 WL 1062625, at *3 (N.D. Tex. Apr. 13, 2026); *Flores v. Blanche*, No. 4:26-CV-02760, 2026 WL 1138369, at *1 (S.D. Tex. Apr. 21, 2026).

To facilitate the Court's consideration of the issues that Petitioner presents, it is:

**ORDERED** that by no later than September 24, 2026 Petitioner Eduardo Gutierrez Quintanilla shall file a Statement explaining why the reasoning in the previously-referenced decisions does not apply to the claims that he presents.

If Petitioner does not file the Statement, the Court will deny the Petition.

The Clerk of Court is directed to serve a copy of this Order upon Respondents in accordance with the Memorandum of Understanding.

Signed on September 8, 2026.

Fernando Rodriguez, Jr.
Fernando Rodriguez, Jr.
United States District Judge